UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

NARENDRA DINDIYAL

    Plaintiff

v.

ACCOUNTS RECEIVABLE MANAGEMENT INC.

    Defendant
_____/

## COMPLAINT

### JURISDICTION and PARTIES

1. This is an action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et. seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. 559.72.

2. This court has jurisdiction pursuant to 28 U.S.C. §1331 and 1337(a) and 15 U.S.C. §1692k(d).

3. Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendant transacts business in this district, and the events which give rise to this complaint occurred in this district.

4. Plaintiff, NARENDRA DINDIYAL ("DINDIYAL") is a natural person residing at all relevant times in Broward County, Florida.

1. Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

2. Plaintiff is a consumer as defined by Fla. Stat. §559.55(2).

3. Defendant ACCOUNTS RECEIVABLE MANAGEMENT INC. ("ARM") is a corporation with its principle place of business in New Jersey, which is in the business of collecting consumer debts for which it uses the mails and phone, and transacts

business on a regular basis collecting consumer debts, and which regularly transacts business in, and attempts to collect consumer debts in, Broward County, Florida.

4. Defendant ARM is a debt collector as defined by the FDCPA, 15 U.S.C. 1692a(6).

5. Defendant ARM is a debt collector and consumer collection agency, as defined in Fla. Stat. 559.55(6) and (7).

## FACTS

6. On the dates listed below, ARM placed a series of phone calls, seeking to collect debt which was originally incurred for personal, family or household purposes, from Target National Bank.

7. On or about March 20, 2012, ARM placed a call to the phone number 612-382-3597, which phone number belonged to and was in the name of the Plaintiff's minor son, and which was never registered to the Plaintiff.

8. Defendant had never requested and Plaintiff had never provided any consent for Defendant to communicate in any way with Plaintiff's children.

9. During said phone call, an agent or individual acting under the control and direction of ARM informed the Plaintiff's daughter, who had answered the Plaintiff's son's phone, that the agent had an important message for Narendra Dindiyal and requested that the Plaintiff call the agent back.

10. The Plaintiff's minor daughter informed the agent that the phone was not that of the Plaintiff, but rather, the Plaintiff's son.

11. Despite just being informed by the Plaintiff's daughter of the fact that the phone did not belong to the Plaintiff, less than two hours later, ARM again called the

exact same number, this time leaving a message on the Plaintiff's son's phone, which was heard by the Plaintiff's son, regarding an "important business matter" for Narendra Dindyal and requesting that the agent be called back.

12. Each of the above calls are communications as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchants Ass'n Collection Div., Inc.</u>586 F.Supp.2d 1336 (S.D. Fla. 2008).

13. Furthermore, the debt which the Defendant was seeking to collect was not that of the Plaintiff and was not owed and never owed by the Plaintiff, but was a debt that had belonged to the Plaintiff's former spouse and for which the Plaintiff had no legal obligation to repay, having never signed any agreements obligated him to pay said debts with the original creditor.

14. The agents in each of the calls above were at all times working within the course, scope and authority of their employment with ARM or otherwise shared a common purpose or goal with ARM, or otherwise acted at the discretion of or under the management or operation of ARM. ARM is responsible for the errors, actions and omissions of the individual operators named above, who were attempting to collect debts on behalf of, and for the benefit of, their principal, ARM.

## COUNT I – VIOLATION OF THE FDCPA
## COMMUNICATION WITH THIRD PARTY

15. Plaintiff realleges and reavers paragraphs 1-14 as if fully set forth herein.

16. The foregoing acts in constituting repeated communication with the Plaintiff's children, without the consent or permission of the Plaintiff, is a violation of 15 U.S.C. §1692c(b).

17. The exception in 15 U.S.C. §1692b is not applicable because the Defendant had location information for the Plaintiff, and furthermore the communications did not comply with 15 U.S.C. §1692b(1).

18. As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, and embarrassment, and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C. §1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT II – VIOLATION OF THE FDCPA
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

19. Plaintiff realleges and reavers paragraphs 1-14 as if fully set forth herein.

20. The communications in the phone calls above all failed to disclose that that Defendant was a debt collector, in violation of 11 U.S.C. §1692e(11). Foti v. NCO Financial Systems Inc. 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C.

§1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT III – VIOLATION OF THE FDCPA
### FAILURE TO DISCLOSE THE DEFENDANT'S IDENTITY

21. Plaintiff realleges and reavers paragraphs 1-14 as if fully set forth herein.

22. The communications above, wherein ARM's agents' messages and communications failed to contain or communicate meaningful identification or disclosure of the Defendant's identity are in violation of 15 U.S.C. §1692d(6).

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C. §1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT IV – VIOLATION OF THE FDCPA
### HARASSMENT OR ABUSE

23. Plaintiff realleges and reavers paragraphs 1-14 as if fully set forth herein.

24. By way of ARM's calling the Plaintiff's minor children, and ARM's calling the minor son's cell phone less than two hours after being told that the phone did not belong to the Plaintiff, Defendant engaged in harassing and abusive conduct the natural consequence of which is to harass or annoy the Plaintiff, in violation of 15 U.S.C. §1692d and 15 U.S.C. §1692d(5).

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C. §1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT IV – VIOLATION OF THE FDCPA
### UNFAIR PRACTICES

25. Plaintiff realleges and reavers paragraphs 1-14 as if fully set forth herein.

26. ARM has sought to collect a debt not authorized by any agreement and not permitted to be collected against the Plaintiff by law, in violation of 15 U.S.C. §1692f(1)

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C. §1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT V – VIOLATION OF THE FCCPA

27. Plaintiff realleges and reavers paragraphs 1-14 as if fully set forth herein.

28. Fla. Stat. 559.72(9) makes it a prohibited collection activity to:

Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

29. Defendant had actual knowledge of the illegitimacy of the debts that it sought to enforce, being privy to the records of Target Bank which would indicate the absence of any agreement obligating the payment of the debt by the Plaintiff. Alternatively ARM failed to take such measures that would have readily and easily made it known that the Plaintiff was not liable for the debt being collected.

30. As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorneys fees.

## JURY TRIAL

Plaintiff hereby requests a jury trial on all matters so triable as a matter of right.

DATED this 1 day of May 2012

Respectfully Submitted by:

Jason Weaver Esq.
FBN 0392596
Jason Weaver P.A.
3531 Griffin Rd.
Ft. Lauderdale, FL 33312
(954) 987-0515/ (954) 964-3764 (fax)
jason@jasonweaverpa.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

1. I am the Plaintiff in this civil proceeding
2. I have read the above Complaint prepared by my attorneys and I believe that all the facts contained in it are true to the best of my knowledge information and belief after reasonable inquiry.
3. I believe that this Complaint and the facts alleged therein are well grounded in fact and warranted by existing law or by a good faith argument for the extension of modification or reversal of existing law.
4. This Complaint is not interposed for any improper purpose such as to harass or annoy the Defendants or create needless increase in the cost of litigation to any Defendant in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which is attached to this complaint is a true and correct copy of the original.
7. Except for redactions made by my attorneys where appropriate, I have not altered, modified or fabricated any exhibits, except that some exhibits may contain handwritten notations by me.

Pursuant to 28 U.S.C. 1746(2), I NARENDRA DINDYAL, hereby declare, certify, or state, under penalty of perjury, that the foregoing is true and correct.

_____          5/1/12
NARENDRA DINDYAL                    DATE